OPINION
{¶ 1} Appellants, Pacific Financial Services of America, Inc. ("Pacific Financial"), Midwest Fireworks Manufacturing Co., Inc., d.b.a. Midwest Fireworks ("Midwest Fireworks"), and Lawrence Lomaz ("Lomaz"), appeal from the February 1, 2000 and June 12, 2001 judgments of the Portage County Court of Common Pleas.
 {¶ 2} The crux of the instant appeal is a parcel of land, composed of three separately purchased parcels, located in a residentially zoned district of Deerfield Township ("the Deerfield property"). The Deerfield Property has been owned at various times by Lawrence Lomaz ("Lomaz"), or corporations essentially owned by him.
 {¶ 3} The first of these three parcels is a forty six-acre lot, upon which appellants operate a fireworks business. It is undisputed that appellants began this use of the forty-six acre lot prior to appellee's passage of the Deerfield Township Zoning Resolution ("DZR") in August 1979, and, thus, it was an established nonconforming use.
 {¶ 4} In 1979, Lomaz purchased an additional twenty-acre lot adjacent to the forty-six acre lot used for the operation of his fireworks business. At the time of purchase, the twenty-acre lot was used primarily for farming, rather than for the operation of his fireworks business. However, in September 1981, after the DZR had been amended to include a twenty-percent extension of nonconforming uses, Lomaz relocated his fireworks fence to encompass the twenty-acre lot and then constructed thereon three buildings to store fireworks.
 {¶ 5} In 1982, a complaint was filed alleging that Lomaz's use of the twenty-acre lot and his construction of three buildings thereon constituted violations of the DZR. After a trial, the court determined that Lomaz's use of the twenty-acre parcel was not an established nonconforming use and that the buildings were constructed in violation of the DZR. Consequently, the trial court ordered that the three buildings on the twenty-acre parcel be removed.
 {¶ 6} The third parcel is immaterial to this case.
 {¶ 7} This appeal stems from three cases involving the Deerfield property that were consolidated by the trial court for purposes of trial, to wit: 93 CV 520, 96 CV 82 and 98 CV 410. The first case, 93 CV 520, commenced on June 30, 1993, with a complaint filed by appellee, alleging that Pacific Financial and Lomaz were expanding an existing parking lot without a proper zoning permit. Appellee sought a preliminary injunction and a permanent injunction enjoining the expansion of the parking lot.
 {¶ 8} In response, Pacific Financial and Lomaz asserted the defense of settlement and release and moved for summary judgment. The defense was based on a settlement agreement reached between Lomaz and the Deerfield Township Board of Trustees, on April 10, 1997, in a separate case, 87 CV 0596. The settlement agreement was a conditional agreement, which provided that Lomaz would apply to have the property zoned industrial, rather than residential. If the township voted to rezone the property, the parties would perform according to the specific terms of the agreement; however, the township did not vote to rezone. Because the township did not vote to rezone, the parties were not obligated to perform according to the specific terms of the agreement.
 {¶ 9} The second case, 96 CV 82, was initiated by a complaint filed by appellee, on January 29, 1996, alleging that Pacific Financial had violated the DZR by using residentially zoned real estate for commercial purposes and constructing two commercial buildings without obtaining zoning certificates. Appellee sought injunctive relief.
 {¶ 10} The third case, 98 CV 410, began with a complaint filed by appellee on May 15, 1998, alleging that Pacific Financial and Midwest Fireworks were conducting events on the property, including concerts and bikini contests, in violation of the DZR. The complaint also alleged that those events constituted public nuisances, in violation of DZR Section 203.30 ("Sec. 203.30"). Appellee sought injunctive relief. The trial court found that appellee had not proven that the events were inconsistent with the nonconforming use currently operated on that portion of the Deerfield property; however, the court found that concerts were a nuisance and, therefore, issued a preliminary injunction.
 {¶ 11} On January 3, 2000, appellee moved the court, pursuant to Civ.R. 70, for an order appointing a person to remove the three buildings located on the twenty-acre lot, as previously ordered in Deerfield Twp.Trustees v. Buckeye Fireworks and Novelty Co., Inc. (Aug. 22, 1985), Portage C. P. 82 CV 1875. Appellee's motion was granted, on June 12, 2001.
 {¶ 12} Prior to trial on these consolidated cases, both appellee and appellants moved for summary judgment. On February 1, 2000, the trial court granted partial summary judgment, finding, as relevant to this appeal, that: (1) appellants' claim that the twenty-acre parcel was an established nonconforming use was barred by res judicata; (2) R.C. 519.02
does not require the adoption of a separate comprehensive plan; (3) R.C.519.22 barred appellants' claim of procedural error in the adoption of the DZR; and, (4) the 1997 settlement agreement was null and void.
 {¶ 13} On July 25, 2000, a trial was held on consolidated cases 93 CV 520, 96 CV 82, and 98 CV 410. On June 12, 2001, the court issued its judgment entry, ordering that: (1) that the preliminary injunction, which ordered that the noise level not exceed eighty-five decibels and that no concert shall start before 7:00 p.m. or end later than 11:00 p.m., was to be made permanent; (2) appellants apply for and obtain proper zoning certificates and approvals for the buildings and parking lots located on the twenty-acre parcel; (3) a permanent injunction issue enjoining the use of the parking lot and buildings located on the twenty-acre parcel for commercial purposes; and, (4) if appellants fail to obtain the appropriate zoning certificates and approvals within thirty days, they shall remove the buildings on the twenty acre parcel within thirty days or be fined $250 per day, until they have complied with the court's order.
 {¶ 14} Also on June 12, 2001, the court issued its judgment on appellee's motion, pursuant to Civ.R. 70, for the removal of the three buildings designated in case 82 CV 1875. The court found appellants in contempt of the 1985 judgment. Therefore, it ordered that "if the buildings identified in case 82 CV 1875 are not removed within 30 days from the date of this entry the Deerfield Board of Township Trustees is authorized to hire a contractor to remove the buildings in question and tax the costs of that removal against the land owned by [appellants]."
 {¶ 15} Appellants appealed, on July 12, 2001, filing three separate appeals: (1) 2001-P-0080, an appeal from the judgment entered in case number 93 CV 520; (2) 2001-P-0081, an appeal from the judgment entered in case number 96 CV 082; and (3) 2001-P-0082, an appeal from the judgment entered in case number 98 CV 410. This court, sua sponte, consolidated the appeals for purposes of briefing, oral argument, and disposition. Appellants present the following assignments of error:
 {¶ 16} "[1.] The trial court erred in granting summary judgment barring the defense that a prior settlement agreement was enforceable and binding against the township.
 {¶ 17} "[2.] The trial court erred in granting summary judgment barring defenses that a parcel had a non-conforming use, that the Township had failed to adopt a comprehensive plan and there were procedural errors in [the] adoption of the Township Zoning Code.
 {¶ 18} "[3.] The trial court erred in finding appellants presented "no evidence" that [the] Deerfield Zoning Code was unconstitutional and in concluding that Deerfield's Zoning Code was constitutional as applied to appellants' use.
 {¶ 19} "[4.] The trial court erred in granting a permanent injunction which delineated the procedure that appellants must follow in holding concerts on their property.
 {¶ 20} "[5.] The trial court erred in ordering appellants to apply for zoning certificates for certain buildings and a parking lot located on a portion of their land.
 {¶ 21} "[6.] The trial court erred in granting a permanent injunction which enjoined appellants from using buildings and the parking lot for commercial purposes.
 {¶ 22} "[7.] The trial court erred in granting a Rule 70 motion to remove other buildings from the property."
 {¶ 23} In appellants' first assignment of error, they argue that the trial court erred in granting summary judgment barring the defense that the settlement agreement was enforceable and binding against appellee. The settlement agreement provides:
 {¶ 24} "[Lomaz] shall apply in a timely fashion for a zoning amendment which would cause [Lomaz's] property to be zoned "industrial" under the Deerfield Township Zoning Regulations. Should [Lomaz's] application be ruled upon favorably by Deerfield Township, then: *** [Emphasis added].
 {¶ 25} It is undisputed that the first condition precedent, i.e., appellants' application for a zoning amendment, was met. It is also undisputed that the second condition precedent, i.e., a favorable ruling upon appellants' application for a zoning amendment, was not met. Although appellants acknowledge that the second condition precedent was not met, they contend that appellees should not be allowed to avoid performing its obligation by simply failing to perform a condition precedent.
 {¶ 26} This court has previously held that the settlement agreement was tentative and did not require that the Deerfield Township Board of Trustees vote to rezone the Deerfield property as industrial.Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp Board of ZoningAppeals, 11th Dist. No. 98-P-0131, 2001 Ohio App. LEXIS 5861, at *9, 2001-Ohio-8834. Thus, appellants' first assignment of error is without merit.
 {¶ 27} In appellants' second assignment of error, they argue that the trial court erred in granting summary judgment barring the defense that appellants had established a nonconforming use of the twenty-acre parcel and finding that the township adopted a comprehensive plan.
 {¶ 28} First, appellants argue that the trial court erred in determining that the doctrine of res judicata barred their claim that their use of the twenty-acre parcel was an established nonconforming use.
 {¶ 29} In Deerfield Township Trustees v. Buckeye Fireworks andNovelty Company, Inc. (1987), 11th Dist. No. 1599, 1987 Ohio App. LEXIS 5901, we affirmed the lower court's determination that Lomaz's use of the twenty-acre lot had not changed from farming until he moved the fireworks fence in September 1981. Therefore, we held that the trial court did not err in determining that Lomaz failed to establish a prior nonconforming use of the twenty-acre parcel. Id at *6. Our previous judgment was dispositive of the issue of whether appellants established a prior nonconforming use of the twenty-acre parcel. Accordingly, appellants' claim is barred by res judicata.
 {¶ 30} Next, appellants argue that the township failed to adopt a comprehensive plan, and that there were procedural errors in the adoption of the DZR. We note that appellants have exceeded the two-year statute of limitations set forth in R.C. 519.22 for challenging the procedure utilized in adopting and amending zoning ordinances. See MidwestFireworks Mfg. Co., Inc., supra. However, we will briefly address the merits of appellants' arguments.
 {¶ 31} Appellants argue that DZR Section 601.20 ("Sec. 601.20"), which provides that a nonconforming use may be extended one time and by no more than twenty percent, was not properly enacted. Therefore, appellants' argue, the DZR fails to allow for expansion of a nonconforming use, and thus, is unenforceable because it does not constitute a comprehensive plan, at least as applied to appellants. Alternatively, appellants argue, if this court concludes that Sec. 601.20 were properly enacted, it contains insufficient criteria to guide a zoning inspector or the zoning board in its administration.
 {¶ 32} This court examined the same issue in Deerfield Twp.Trustees, supra, wherein we held that the twenty-percent extension of a nonconforming use, as set forth in Sec. 601.20, was a reasonable extension and comported with the requirements of R.C. 519.19. Id. at *7, 8. In Midwest Fireworks Mfg. Co., Inc., supra, we held that the DZR contained a comprehensive plan, and held that "601.20 has been properly enacted." Id., at *7-9. Accordingly, appellants' arguments are barred by res judicata, and thus, must fail.
 {¶ 33} In appellants' third assignment of error, they argue that the trial court erred in holding that the appellants "presented no evidence indicating that [the] Deerfield Zoning Code was unconstitutional." Essentially, appellants argue that the court found that no evidence was presented, rather than that insufficient evidence was presented. Appellants assert that they presented evidence, including testimony showing that Lomaz had valid building permits issued by Portage County and that his buildings passed inspection by the Fire Marshal.
 {¶ 34} A review of the trial court's judgment entry reveals that appellants' reading of the June 12, 2001 judgment is incorrect. In its judgment entry, the court noted that Lomaz "presented evidence that he had a valid building permit issued by Portage County and that his buildings passed inspection of the fire marshal." However, the court concluded that Lomaz "presented no evidence indicating that Deerfield's zoning code was unconstitutional, that the enforcement of the zoning code constituted a taking, or the fact that the Deerfield zoning code had been selectively enforced." Thus, it is clear that the court determined that appellants presented insufficient evidence to satisfy the standard set forth in Goldberg Cos., Inc. v. Richmond Hts. City Council (1988),81 Ohio St.3d 207.
 {¶ 35} In Goldberg Cos., supra, the Supreme Court of Ohio held that a zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. Id. at 214. "The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains `beyond fair debate.'" Id.
 {¶ 36} In Midwest, supra, this court held that the DZR bears a "substantial relation to public health, safety, morals, or general welfare of the community." Midwest, at *8-9. In the instant case, no evidence was presented to the contrary. Appellants' third assignment of error is without merit.
 {¶ 37} In appellants' fourth assignment of error, they argue that the trial court erred in granting a permanent injunction ordering that the noise level of concerts on the Deerfield property could not exceed eighty-five decibels and that concerts could be held only between 7:00 p.m. and 11:00 p.m. Appellants contend that no evidence was offered, at the preliminary injunction hearing, which showed that the court had a rational basis for imposing the restrictions.
 {¶ 38} "Injunction is an extraordinary remedy equitable in nature, and its issuance may not be demanded as a matter of strict right; the allowance of an injunction rests in the sound discretion of the court and depends on the facts and circumstances surrounding the particular case; and, where, in an action for an injunction, conflicting claims are advanced by the parties and the merits of one of such claims over the other are doubtful, an injunction may be refused especially where those claims may be asserted and determined in another and different form of action." Perkins v. Village of Quaker City (1956),165 Ohio St. 120, syllabus.
 {¶ 39} A preliminary injunction hearing was held, on June 24, 1998. On June 26, 1998, the trial court held that the appellee had not established by clear and convincing evidence that the anticipated use of conducting concerts and bikini contests was inconsistent with the nonconforming use already conducted on the property. The court, however, found that the noise and vibrations caused by a concert held, on June 13, 1998, from noon until midnight constituted a nuisance, as set Section 201.30. Section 201.30 provides that:
 {¶ 40} "No use shall be permitted or authorized to be established which, when conducted in compliance with the provisions of this Resolution, and any additional conditions and requirements prescribed, is or may become hazardous, noxious, or offensive due to the emission of odor, dust[,] smoke, fumes, cinders, gas, noise, vibration, electrical interference, refuse matter, water carried diseases, or which will interfere with adjacent homeowners' enjoyment of the use of their lands."
 {¶ 41} The court's determination that appellants' use of the Deerfield property constituted a nuisance was based on the testimony of Randy Foith, Jesse Carver, Janet Smith, Terrence Honhorst, Judy Hill and Mary McKibbens. These witnesses testified that the noise levels of the concerts were extremely high, that the vibrations shook their windows, and that they were unable to hear inside their own homes, which made it difficult for them to use and enjoy their properties. Because appellants do not argue that injunctive relief was not an appropriate remedy, we will not address the issue. Instead we will address appellants' argument that there was no basis in the record for setting the decibel levels or times for future concerts.
 {¶ 42} The transcript of the preliminary injunction hearing supports the trial court's decision. Antone L. Lott ("Lott"), an industrial hygienist, testified that he measured the sound levels of a concert held on the Deerfield property, on June 13, 1998. He attested that the noise levels around the perimeter of the Deerfield property during the concert exceeded eighty-five decibels. Lott further testified that the Occupational Safety and Health Administration recommends a noise limit of ninety decibels. He also stated that the American Conference of Governmental Industrial Hygienists, the Armed Forces, and many big industrial companies, including Anheuser Busch, TRW, and General Motors, recommend a noise limit of eighty-five decibels. Lott opined that exposure to noise levels such as those that were measured on June 13, 1998 could, over a long period of time, cause hearing loss. Accordingly, we conclude that eight-five decibels was a reasonable noise limit.
 {¶ 43} Further, several neighbors testified that the noise was interfering with their enjoyment of their property. For example, Jesse Carver attested that the sound was so loud that it shook the windows in his house. Randy Foith, testified that he was subjected to an "ungodly amount of noise" and that, on June 13, 1998, the noise began at 7:30 a.m. and continued until after midnight. Because the concert noise interfered with the neighbors' use and enjoyment of their residential property, the time restriction was reasonable. Appellant's fourth assignment of error is without merit.
 {¶ 44} In appellants' fifth assignment of error, they argue that the court should not have ordered Lomaz to apply for zoning certificates for buildings and parking lots located on the twenty-acre parcel, when it was clear that the township would never issue said zoning certificates. During proceedings held on July 25, 2000, Frank R. Voss ("Voss"), the Deerfield Township zoning inspector, stated that a zoning application for the expansion of the showroom located on the twenty-acre lot would be "inappropriate," and therefore, would not be granted. However, Voss did not state that no zoning certificates or approvals would be issued for any commercial buildings and/or parking lots on the twenty-acre parcel. Regardless, appellants never applied for a zoning certificate. Accordingly, any error in ordering appellants to apply for the zoning certificates was harmless.
 {¶ 45} In appellants' sixth assignment of error, they argue that the trial court erred in granting a permanent injunction, enjoining appellants from using buildings and the parking lot for commercial purposes, without providing them proper notice. Appellants argue that, pursuant to Section 702 of the DZR, the zoning inspector was required to notify them of any violation and allow thirty days for the violation to be corrected, prior to initiating any legal action.
 {¶ 46} Voss, the zoning inspector, testified, at the July 25, 2000 proceedings, that appellants were served with citations for zoning violations on the twenty-acre parcel. Additionally, appellee provided evidence indicating that four of the five relevant citations were served by mail; however, appellee did not provide actual copies of the notices that were sent.
 {¶ 47} Section 701.20 of the DZR provides that "[t]he "Zoning Inspector shall inspect each violation, and shall, in writing, order correction of all conditions which are found to be in violation ***. Section 702.30 of the DZR states that "[a]ll violations shall be corrected within a period of thirty (30) days after the written order is issued or for a longer period of time as indicated by the Zoning Inspector. Any violations not corrected within a specified time period shall be reported to the County Prosecutor who shall initiate prosecution procedures."
 {¶ 48} The DZR does not require that the zoning inspector's written notice reflect that the violation shall be corrected within thirty days. The DZR simply states that any violation not corrected in thirty days shall be reported to the prosecutor's office. Evidence was presented that the zoning inspector sent appellants written notice of all but one of the violations. Any procedural defect that may have occurred from the zoning inspector's failure to provide appellants with thirty days notification in its citation, was cured by the court's judgment entry, which allowed appellants thirty days to apply for zoning certificates prior to removing the buildings constructed on the twenty-acre parcel. Appellants' sixth assignment of error is without merit.
 {¶ 49} In appellants' seventh assignment of error, they argue that the court erred in granting appellee's motion, made pursuant to Civ.R. 70, requesting the court to order appellants to remove the buildings on the twenty-acre parcel. Appellants argue that the 1985 order and the 2001 order, which cites the previous order, are devoid of any specificity as to which buildings must be removed. The 1985 order states that all
buildings on the subject property are to be removed and the 2001 judgment entry orders that the three buildings that were the subject of the 82 CV 1875 lawsuit shall be removed. The trial court's judgment entries clearly specify that the buildings to be removed are those at issue in 82 CV 1875.
 {¶ 50} Next, appellants argue that the doctrine of laches bars execution of the 1985 judgment. Appellants cite Village of Brady Lake v.Guinaugh (Jan. 20, 1976), 11th Dist. No. 653, 1976 Ohio App. LEXIS 6728.
 {¶ 51} In Stuhlmiller v. Weisel (Apr. 10, 1992), 11th Dist. No. 91-P-2305, 1992 Ohio App. LEXIS 1915, we recognized that the doctrine of laches can be applied to a government entity; however, we noted that inGuinaugh, supra, the property owner had received a commercial building permit from the zoning inspector before making the changes to his building. We held that the zoning regulation could not be enforced when the owner relied upon representations of a government official, but noted that "[i]n the absence of an affirmative act on the part of an official, the doctrine of laches is inapplicable." In the instant case, the Township never granted appellants a zoning permit for the land or building use, nor did it represent that such land or building use was permitted. Thus, the doctrine of laches is inapplicable.
 {¶ 52} Lastly, appellants argue that the 1985 judgment was dormant because it had not been executed for over fifteen years. See R.C. 2329.07. Appellee argues that R.C. 2329.07, is inapplicable because Lomaz is not a judgment creditor.
 {¶ 53} R.C. 2329.07 provides that a judgment in favor of the state "shall not become dormant and shall not cease to operate as a lien against the estate of the judgment debtor unless neither such execution on the judgment is issued nor such a certificate of judgment is issued and filed *** within ten years from the date of the judgment ***.'' Because appellants are not judgment debtors, R.C. 2329.07 is inapplicable in the instant case. Accordingly, appellants' seventh assignment of error lacks merit.
 {¶ 54} Based on the foregoing, the judgment of the Portage County Court of Common Pleas is hereby affirmed.
WILLIAM M. O'NEILL and DONALD R. FORD, JJ., concur.